# United States District Court Eastern District of Wisconsin

| | |
|---|---|
| Shawn D. Jones, <br>     Plaintiff, <br> V. <br><br> Jon Litscher, Secretary of Correction <br> Rebecca Kennedy, Education Director for New Lisbon Correction <br> Individual and in their official capacities, <br>     Defendants, | Civil Right Complaint <br> 42 U.S.C § 1983 <br><br> 16-C-1303 |

### I. Introduction

1. This is a § 1983 action filed by plaintiff, Shawn D. Jones, a state prisoner, alleging violation right protected by the first amendment to the constitution of the united states constitutes cruel and unusual punishment prohibited by Eighth and fourteenth amendments.

### II. Jurisdiction & Venue

2. This is a civil action authorized by 42 U.S.C sections 1983 to redress the deprivation, under color of state law, of right secured by the Constitution of the United States. Plaintiff claims for injunctive relief are authorized by 28 U.S.C. and rule 65 of the Federal rule of civil procedure and seek declaratory relief pursuant to 28 U.S.C. The court has supplemental jurisdiction over plaintiff state law claims under 28 U.S.C. 1983.

### III. Plaintiff

3. Shawn D. Jones is presently confined in New Lisbon Correctional Institution and serving an eighth year sentence and has been incarcerated since February 24, 2012. Scheduled for release in September 3, 2019.

### IV. Defendant

4. Jon Litscher, Secretary of Department of Correction he is legally responsible for the overall of Operation of Department and each Institution under its jurisdiction, including Shawn D. Jones.

5. Rebecca Kennedy she is legally responsible for the overall of Operation of Education Director for New Lisbon Correction.

6. Each defendant is sued individually and in his or her official capacity. At all-time mentioned in this complaint each defendant acted under the color of state law.

## V. Facts

7. "Upon information and belief". I, find that the Department of Correction's Administrative Rules and Regulations are promulgate in §227.10(2). However there's conflict with well-established law; being State Statute and Federal Constitution.

8. "Upon information and belief". According to Federal Constitution inmate not required attending general Education program. Defendants have no constitutional right to in enroll inmates' general educational program.

9. Ms. Kennedy, telling me that it is mandatory for inmates in Wisconsin Department of Correctional to take these Educational Programs when we choose or choose not to, then they state that I will be placed in voluntarily unassigned for refusing to participate. I feel that this is a form of punishment because when choosing not to participate in programs and D.A.I states programs is voluntary.

10. This statement was made by Ms. Kennedy; the letter is in response to request you submitted regarding your educational need within the confines of the Wisconsin Department of Corrections. In November 2015, D.A.I enacted a Mandatory Education policy statewide-309.55.04.

11. In summary, this policy requires inmates in Wisconsin without a verified high school credential to participate in GED programming. NLCI does not have the jurisdiction to override D.A.I policy. If you would like to enroll in GED classes, please contact the Education Department. If you elect not to participate, you will be placed in VUNA status.

12. D.A.I policy, Inmates assigned an academic primary need who refusals to attend school shall be placed on voluntary unassigned status and shall not be eligible for an inmate work assignment or compensation and refusals shall be documented on DOC-2439.

13. All refusals shall be recorded in WICS, COMPAS, and inmate Education file. Request to be placed on INVUNA status after 90 day of being on VUNA status in compliance with D.A.I policy 309.00.01. This does not apply to inmates who have a primary academic need.

## VI. Exhaustion

14. Plaintiff, Jones's used the prisoner grievance procedure available at Wisconsin State prison to try and solve the problem and also filed numerous complaints at law pursuant to Wis Stat §301.29 (3) article 1 section 4 of Wisconsin Constitution. I asked the Secretary of Department of Corrections to conduct a full investigation into issues regarding compel inmates take Educational Programs.

## VII. Legal Claims

15. "Upon information and belief". First, prisoners, like non-prisoners do not have a constitutional right to educational in the United States. The Supreme Court has stated that "education, of course, is not among the right an afforded explicit protection under our federal Constitution. Nor do we find any basis for saying it is implicitly so protected.

16. Since there is no fundamental or constitutional right to education, there is no constitutional basis to challenge the failure to provide adequate educational program. Without a constitutional right to education, there is certainly none to rehabilitation, which could be another way to request education access.

17. The eighth amendment, which permits inmate to bring causes of action when prison conditions and practices constitute "cruel and unusual punishment, could be a way for making a constitutional challenge.

18. Defendant, Jon violated Plaintiff, Jones right by referring my complaints back to the institution he has authority to address these issues at hand; however he refuses to do so. "All time defendants Acts under the color of law."

19. Defendant, Kennedy violated Plaintiff, Jones right by compel me to enroll in educational program when I, informed defendant, Kennedy she don't have a constitutional right in enroll me educational program. "All time defendant Acts under the color of law."

20. Upon information and belief' The Seventh Circuit 'held' there is no constitutional mandate to provide educational, rehabilitative, or vocational programs absence of conditions that rise to a violation of the eighth amendment. Garza V. Miller, 688 F.2d 480, 488-86 (7th Cir.1982) see Also Zimmerman V. Tribble 226 F.3d 568, 571(7th Cir.2000).

21. The eighth amendment, however, does not compel prison administrators to provide general Educational programs for inmates. See Rhodes, 452 U.S at 348; Madyun v. Thompson, 657 F.2d 868, 874 (7th Cir.1981).

22. Further, liberty interest created by a state are "generally limited to freedom from restraint which impose atypical and significant hardship on inmate in relation to the ordinary incidents of prison life. Nor does Wisconsin Statute have no liable interest in Educational Program.

23. Thus by providing prisoners access to vocational program and / or prison jobs, the State of Wisconsin cannot be said to have created a liberty interest in participation in such programs because denial of these opportunities does not impose atypical and significant hardship on prisoner in relation to ordinary prison life.

## VIII. RELIEF

Wherefore, Plaintiff Respectfully Prays Court Enter Judgment Granting Plaintiff

1. Granting plaintiff, Shawn D. Jones declaration that the acts and omissions described herein violated Shawn D. Jones right under the constitution and law of the United States.
2. Compensatory damages in the amount of $_____ against each defendant's.
3. Declare that defendant's violated plaintiff, Shawn D. Jones eighth amendment right under the United States Constitution try to in enroll him in Educational program.
4. Plaintiff's costs in this suit.
5. Any additional relief this court deems just.
6. Punitive damages in the amount of $___against each defendant.

I Declare Under Penalty Of Perjury That the Forgoing Is True and Correct.

September 23, 2016
Respectfully Submitted

*Shawn Jones*
Shawn D. Jones #258533