UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHAWN D. JONES,

                Plaintiff,

       v.                                         Case No. 16-CV-1303

JON LITSCHER AND
REBECCA KENNEDY,

                Defendants.

## ORDER

Plaintiff Shawn D. Jones, a state prisoner, is representing himself. He filed a complaint alleging that the defendants forced him to enroll in educational programs in prison.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. The case was assigned to this court according to the random assignment of civil cases pursuant to 28 U.S.C. §636(b)(1)(B) and General Local Rule 72 (E.D. Wis.), and Jones has consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.).

This matter comes before the court on Jones's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*), his motion for leave to file an amended complaint, and for screening of Jones's amended complaint.

*Motion for Leave to Proceed without Prepayment of the Filing Fee*

Jones has been assessed and paid an initial partial filing fee of $1.02. *See* 28 U.S.C. § 1915(b)(1). The court will grant his motion for leave to proceed without prepayment of the filing fee.

*Motion for Leave to File an Amended Complaint*

On October 24, 2016, Jones filed a motion for leave to file an amended complaint, along with an amended complaint and exhibits. The original complaint has not been served, and Jones may amend the complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1). Therefore, I will grant Jones's motion and screen his proposed amended complaint.

*Screening of the Amended Complaint*

The court shall screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by, first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States, and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); s*ee also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

*The Amended Complaint's Allegations*

Jones is a state prisoner incarcerated at New Lisbon Correctional Institution (NLCI). The defendants are Jon Litscher, Secretary of the Wisconsin Department of Corrections (DOC), and Rebecca Kennedy, the Education Director at NLCI.

In 2015 the DOC's Division of Adult Institutions enacted a mandatory education policy statewide. The policy requires inmates in Wisconsin without a verified high school credential to participate in GED programming. Inmates who elect not to participate are placed on voluntarily unassigned status, which means they are ineligible for work and receive no pay. *See* Wis. Admin. Code § DOC 309.55; *Rowell v. Gozinske*, No. 08-cv-467-bbc, 2008 WL 4159147, at *1 (W.D. Wis. Sept. 4, 2008).

Jones was placed on voluntarily unassigned status on July 3, 2016, because he refused to enroll in an educational program at NLCI. Jones filed various requests and inmate complaints. On October 12, 2016, Jones received a memo from Kennedy describing the policy, telling Jones he had a mandatory academic need under the policy, and offering Jones the option of either enrolling in GED classes or being placed on voluntarily unassigned status.

Jones has no interest in taking any educational programs and believes he should not be required to do so because he is over twenty-one years of age. He believes this policy conflicts with state law and his constitutional rights. He also believes that being forced to take an educational program is a form of punishment. Jones asserts that he has

5

Case 2:16-cv-01303-WED    Filed 04/10/17    Page 5 of 11    Document 9

suffered undue stress and physical stomach issues due to worrying about the threatened retaliatory sanctions (presumably being placed on voluntarily unassigned status).

Jones informed the defendants that there was a conflict and asked them to conduct a full investigation into the issue of compelling inmates to take educational programs. Litscher refused to address the issue and referred Jones's complaints back to the institution even though Litscher has the authority to address the issues at hand. Kennedy compelled Jones to enroll even after Jones told her she had no constitutional right to enroll him in an educational program.

*Analysis*

Jones correctly lays out the applicable constitutional law under the Eighth and Fourteenth Amendments regarding prison educational programs.

There is a long line of cases establishing that an inmate cannot force a prison to provide education. "There is no constitutional mandate to provide educational, rehabilitative, or vocational programs, in the absence of conditions that give rise to a violation of the Eighth Amendment." *Garza v. Miller*, 688 F.2d 480, 486 (7th Cir. 1982). Failure to provide vocational and educational training "does not violate the Constitution in the absence of grievously debilitating prison conditions." *Madyun v. Thompson*, 657 F.2d 868, 874 (7th Cir. 1981) (citations omitted). "While inmates do not have a constitutional right to such programs, they are entitled to an environment that

does not threaten their mental and physical well-being." *Id.* Further, the mere offering of an education program does not create a liberty interest in those programs because the removal of those programs would not "impose atypical and significant hardship on a prisoner in relation to ordinary prison life," and therefore would not violate the Due Process Clause of the Fourteenth Amendment. *Martinoski v. Wisconsin Dept. of Corrections*, 896 F.Supp. 882, 884 (E.D. Wis. 1995).

However, Jones's complaint poses the inverse question: can a prison require an inmate to attend education. On that question there is no authority. But the fact that prisoners do not have a constitutional right to educational programs does not mean that it is a constitutional violation to compel prisoners to attend such programs if they exist.

Under the Eighth Amendment, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). The limits imposed by the Eighth Amendment protect inmates from conditions harsher than requiring that they participate in an educational program. Prison officials can even force inmates to work; they just can't make an inmate "perform labor that is beyond the inmate's strength, dangerous to his or her life or health, or unduly painful." *Smith v. Peters*, 631 F.3d 418, 420 (7th Cir. 2011) (quoting *Ambrose v. Young*, 474 F.3d 1070, 1075 (8th Cir. 2007)).

A liberty interest, and therefore due process, under the Fourteenth Amendment is triggered only when a condition "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Although the voluntarily unassigned status meant Jones received no pay until he chose to participate in the educational program, inmates have no liberty interest in prison jobs and no right to work or earn money. *See DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000) (Due Process Clause does not afford prisoners a liberty or property interest in their jobs.); *see also McGee v. Mayo*, 211 Fed.Appx. 492, 494 (7th Cir. 2006) (A prisoner's cell confinement and work loss did not deprive him of any liberty interest).

Participating in the educational program was for all intents and purposes the job to which Jones was assigned. He had a choice between participating in the educational program and voluntary unassigned status. He chose the latter. Forcing prisoners to choose between participating in an educational program or being placed on unassigned status with no pay is not the type of prison action that constitutes either cruel and unusual punishment or an atypical or significant hardship in relation to the ordinary incidents of prison life.

Jones also mentions retaliation, but he does not state a claim for retaliation either. To establish a claim of retaliation, a plaintiff must show that (1) he engaged in a protected activity, (2) he suffered a deprivation likely to prevent future protected

8
Case 2:16-cv-01303-WED   Filed 04/10/17   Page 8 of 11   Document 9

activities, and (3) there was a causal connection between the two. *See Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010); *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Refusing to participate in an educational program is not an activity protected by the First Amendment. Also, no action was taken against Jones that would be likely to deter him from First Amendment protected activity in the future.

The court will dismiss this case because Jones's complaint does not state any claim on which relief may be granted.

**NOW, THEREFORE, IT IS ORDERED** that Jones's motion for leave to proceed without prepayment of the filing fee (ECF No. 6) is **granted**.

**IT IS FURTHER ORDERED** that Jones's motion to amend the complaint (ECF No. 8) is **granted**.

**IT IS FURTHER ORDERED** that this action is **dismissed** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of Jones shall collect from his institution trust account the $348.98 balance of the filing fee by collecting monthly payments from Jones's prison trust account in an amount equal to 20% of the preceding month's income credited to Jones trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in

accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Jones is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Jones's remaining balance to the receiving institution.

**IT IS ALSO ORDERED** that a copy of this order be sent to the Warden at New Lisbon Correctional Institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one

10

Case 2:16-cv-01303-WED    Filed 04/10/17    Page 10 of 11    Document 9

year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 10th day of April, 2017.

WILLIAM E. DUFFIN
U.S. Magistrate Judge